**STATE of Minnesota, Respondent,**

v.

**Christopher N. MILES, Appellant.**

**No. 50425.**

Supreme Court of Minnesota.

Aug. 29, 1980.

C. Paul Jones, Public Defender, and Phebe S. Haugen, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, App. Section, David W. Larson, Asst. County Attys., and Thomas A. Weist, Minneapolis, for respondent.

TODD, Justice.

Defendant was found guilty by a district court jury of charges of aggravated robbery, Minn.Stat. § 609.245 (1978), and possession of a firearm by a felon, Minn.Stat. § 624.713, subd. 1(b) and subd. 2 (1978), and was sentenced by the trial court for the robbery to a 3 to 20 year prison term to run concurrently with a federal sentence for bank robbery imposed earlier. On this appeal from judgment of conviction, defendant contends (1) that the trial court committed plain error in failing to sua sponte exclude identification evidence which defendant argues was unreliable because it was obtained as a result of unfair, suggestive procedures, and (2) that the trial court erred in refusing to submit the lesser offense of simple robbery. Affirming, we hold that the identification procedures used by the police did not create a very substantial likelihood of irreparable misidentification requiring suppression of the identification testimony, and that the trial court did not err in refusing to submit simple robbery.

The victim of the robbery was the owner of a small neighborhood grocery store who had been the victim of numerous robberies in his nearly 40 years in business. The owner of the building in which the store is located spotted the robber leaving the store and alertly memorized the license plate of the getaway car. The driver of the car was arrested the next day and he directed the police to defendant, who was arrested later that day. The victim, although unable to identify an old photograph of defendant shown him before the lineup, did identify defendant at the lineup and at trial, saying that he was 70% certain based on the fact that his vision, as a result of cataract surgery, was only 70% what it used to be. The owner of the building did not view the photograph but positively identified defendant at the lineup and at trial. The driver of the car, who professed ignorance of the robbery, implicated defendant by testifying that defendant was the one that the building owner saw get into the car. Police, on arresting defendant, seized cigarette packages which bore the same tax stamp number as cigarettes taken by the robber.

■ Defense counsel expressly waived his right to challenge the identification procedures at the omnibus hearing. Nonetheless, defendant on appeal contends that admission of the identification testimony, particularly of the victim, was improper and amounted to plain error. We need not decide whether unobjected to admission of identification evidence obtained in violation of a defendant's rights might constitute plain error—see United States v. Mann, 557 F.2d 1211, 1215 (5th Cir. 1977)—because we are satisfied that defendant's right to due process was not, as defendant contends, violated by the procedures used. Stated in the language of the so-called Bigger—Manson test—see Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977)—we are satisfied that the identification procedures used did not create a "very substantial likelihood of irreparable misidentification." Id. at 116, 97 S.Ct. at 2254.

■ Defendant's related contention that the attorney representing him at the lineup should have been provided with the description given by the witnesses is a contention which we would address if defendant had

had a right to have counsel present at the lineup. However, since the lineup was a preaccusation lineup, defendant did not have a constitutional right to have an attorney represent him at the lineup. *Moore v. Illinois*, 434 U.S. 220, 226–27, 98 S.Ct. 458, 463–64, 54 L.Ed.2d 424 (1977); *Kirby v. Illinois*, 406 U.S. 682, 688, 92 S.Ct. 1877, 1881, 32 L.Ed.2d 411 (1972).

■ Defendant's final contention, that the trial court erred in failing to submit simple robbery, is based on the fact that the victim admitted on cross-examination that he had not actually examined the gun to see if it was a real gun rather than a toy gun. Without deciding whether a toy gun might under certain circumstances be a dangerous weapon—*see LaMere v. State*, 278 N.W.2d 552, 556–57 (Minn.1979)—we hold that here there was insufficient evidence to rationally justify a finding that the gun was a toy gun. There was no testimony that the gun was a toy and the victim, on redirect, testified that he saw the "blue gun-metal," a hole in the end of the barrel, a trigger, and bullets in the revolving chamber. We also note that the jury found defendant guilty of possession of a firearm, which means that the jury concluded that the gun was not a toy gun but a firearm.

Affirmed.